# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH CHODNICKI,** | : | No. 3:07cv1112 |
| **Plaintiff,** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **OLD FORGE BANK,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the court are defendant's motions in limine. (Docs. 47, 49, 51). Having been fully briefed, the matters are ripe for disposition.

**Background**

This case concerns employment discrimination claims made by Plaintiff Joseph Chodnicki regarding his employment with defendant Old Forge Bank. Defendant, who lost his job, claims that he was dismissed because of his age. Plaintiff filed his complaint in this court on June 21, 2007. The complaint consisted of two counts. Count One alleged age discrimination pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621. Plaintiff contended that he was fired on account of his age, 58, and replaced by a significantly younger worker who had much less experience. Count Two alleged disability discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101. Plaintiff asserted that he was disabled within the meaning of the Act, was qualified to perform his job, and was terminated by the defendant because of a perception about his disability.

After the parties completed discovery, defendant filed a motion for summary judgment. In a decision issued on January 21, 2009, the court granted this motion with reference to plaintiff's Americans with Disabilities Act claims and denied it in relation to plaintiff's Age Discrimination in Employment Act claim. (See Doc. 45). The court then scheduled a pre-trial conference. Defendant filed the instant motions in limine, and both parties filed briefs, bringing the case to its present posture.

**Jurisdiction**

Because this case is brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq*, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.").

**Discussion**

Defendant filed three separate motions in limine. The court will address each in turn.

### a. Motion to exclude the report and testimony of Reese A. Thomas

Defendant seeks to exclude the expert report and testimony of Reese A. Thomas (Doc. 47). Thomas's report offers an opinion on whether the record supports defendant's claim that plaintiff lost his job as part of "downsizing" at the bank branch, and whether discrimination on the basis of age and perceived disability

better explains the reasons for plaintiff's termination.¹  Defendant argues that Thomas is not qualified to testify as an expert, that his report does not offer any scientific or technical knowledge that would aid the jury, and that the report offers improper legal conclusions.

Federal Rule of Evidence 702 provides that "a witness qualified as an expert by knowledge, skill, experience, training or education" may provide opinion testimony "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702.  Courts have described the function of the district court in determining whether to admit expert testimony as a "gatekeeping" one.  The trial judge has "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 598 (1993).  Thus, "[t]he objective of that requirement is to ensure the reliability and relevancy of expert testimony.  It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in a particular field." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).

---

¹The court notes that the portions of the report that discuss plaintiff's disability discrimination case are no longer relevant to the instant action and should not be the subject of testimony.

Defendant first contends that Thomas is not qualified to offer an expert opinion.  Thomas was educated at Kings College in Wilkes-Barre, Pennsylvania, St. Joseph's College in Standish, Maine and Cornell University.  (Curriculum Vitae of Reese A. Thomas, Exh. A to Defendant's Motion in Limine (Doc. 47-2)).  He studied liberal arts, business administration and human resources.  (Id.).  Thomas also has training in human resource management, including a certificate in human resources from Cornell University, board certifications in human resources management, and training in personnel management from the United States Office of Personnel Management.  (Id.).  Thomas was employed from 2006-2008 as a human resource manager by Diageo North America in Breingsville, Pennsylvania.   He also acts as a human resources consultant, assisting both attorneys and companies in a variety of industries to evaluate their human resource programs.  (Id.).  He has also been appointed to serve as a consultant in human resource and labor relations by the Commissioners of Luzerne County, Pennsylvania and to make recommendations for a county-owned and operated nursing home.  (Id.). From 1992-2000, Thomas served as director of human resources and staff development for the United States Department of Veteran's Affairs in Wilkes-Barre, Pennsylvania.  (Id.).  From 2002 until 2005, he worked in human and employee relations for the Pennsylvania Department of Military and Veterans Affairs.  (Id.).  Thomas has also testified as an

expert or served as a consultant in dozens of cases.[2] (Id.).

A witness may offer expert opinion "if he or she is 'qualified as an expert by knowledge, skill, experience, training or education.'" United States v. Watson, 260 F.3d 301, 306-307 (3d Cir. 2001) (quoting FED. R. EVID. 702). Courts have construed this requirement "liberally," and noted that advisory committee comments on the Rule indicate that "within the scope of the rule are not only experts in the strictest sense of the word, e.g., physicians, physicists, and architects, but also the large group sometimes called 'skilled' witnesses, such as bankers or landowners testifying to land values.'" Id. (quoting FED. R. EVID. 702, Advisory Committee's Notes to 1972 Proposed Rule 702). The court finds that Thomas is qualified as an expert to testify on matters of personnel policy. He has years of experience in the field, as well as extensive training, and has offered that expertise in dozens of cases. His testimony could assist the trier of fact in determining whether the defendant's proffered reason for plaintiff's termination–"downsizing"–actually meets the understanding of such action common to the human resources field.

Next, defendant argues that Thomas's opinion offers improper legal conclusions and does not support those conclusions with any specialized, expert knowledge. The plaintiff agrees that Thomas could not offer his own opinion about

---

[2]Defendant cites to two district-court cases where Thomas was excluded from testifying. The court finds that the exclusion of Thomas from testifying in those cases has no import on this case. The court's role here is to examine Thomas's report and qualifications to determine whether his proposed testimony is admissible in *this* case.

whether he was the victim of discrimination based on age, but argues that his opinion on whether downsizing actually and properly occurred in this case is a proper subject for an expert report. An expert witness generally may not provide legal opinions. See United States v. Leo, 941 F.2d 181, 196 (3d Cir. 1991) (finding that "it is not permissible for a witness to testify as to the governing law since it is the district court's duty to explain the law to the jury."). An expert witness may, however, be used by the finder of fact to help unsnarl complicated factual issues. Federal Rule of Evidence 702 provides, in pertinent part, that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue" a fully qualified expert may testify. See also United States v. Velasquez, 64 F.3d 844, 849 (3d Cir. 1995) (recognizing "the 'strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact' which is embodied in the Federal Rules of Evidence'" [citations omitted] and noting that "Rule 702, which governs the admissibility of expert testimony, specifically embraces this policy."). Since there is an issue here about whether downsizing actually occurred, Thomas may offer his opinion as to what "downsizing" means, and whether the defendant actually engaged in that process when it decided to terminate the plaintiff. As the parties agree, however, Thomas may not offer an opinion as to whether, as a legal matter, plaintiff was the victim of discrimination.

Defendant also complains that Thomas's report is not based on sufficient

6

information or study to qualify as an expert opinion.  Defendant's complaint here is more about the report's persuasiveness than its admissibility.  Defendant will have an opportunity to cross-examine Thomas at trial, and can point out any weaknesses in his testimony then.  The court will not exclude an expert report simply because the report is not entirely convincing: "cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof," after all, "are the traditional and appropriate means of attacking shaky but admissible evidence."  Daubert, 509 U.S. at 596.  The court will therefore deny the defendant's motion.

### b.  Motion to Exclude the expert testimony of Joseph Costello

Defendant seeks to exclude the expert testimony and report of Dr. Joseph Costello, which describes the medical problems faced by the plaintiff.  (Doc. 49).  The court will grant this motion, as the report deals only with the plaintiff's physical condition.  The court has granted summary judgment on plaintiff's ADA claim, and his physical condition is no longer at issue in this case.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401.  Because plaintiff's physical ailments are no longer of consequence to the litigation, Dr. Costello's report is irrelevant.  Since "[e]vidence which is not relevant is not admissible," the court will grant the defendant's motion and exclude the expert report and testimony related to that report from Dr. Costello.  FED. R. EVID. 402.

Plaintiff argues that Dr. Costello could testify that plaintiff walked slowly and with a limp, and that such testimony is relevant to his age discrimination case. This testimony would help plaintiff establish that defendant discriminated against him because he appeared to be an older worker. Dr. Costello's appearance would thus be relevant to a fact at issue in the litigation: namely whether plaintiff's firing was related to his age and his employer's attitudes about workers who appeared older. Such testimony would not, however, qualify as expert testimony, since describing a person's appearance does not require "scientific, technical or other specialized knowledge." FED. R. EVID. 702. Of course, Costello's testimony in this context would hardly be central to the case, since the issue for which plaintiff seeks to use that testimony–his claim that defendant perceived him as old and infirm and thus an undesirable employee–cannot be proved except through testimony about how his employer actually perceived him. The testimony would thus be limited to plaintiff's general appearance, as plaintiff does not contend that Costello has any knowledge of how defendant perceived plaintiff. See FED. R. EVID. 701(a) (limiting "testimony in the form of opinions or inferences . . . to those opinions or inferences which are (a) rationally based on the perception of the witness."),

Plaintiff also argues that Dr. Costello's testimony is relevant and admissible because he anticipates defendant will put at issue plaintiff's application for social security disability benefits in arguing that defendant was not qualified for his position. The court finds that if plaintiff puts at issue defendant's physical condition, then Dr.

8

Costello's testimony would be relevant to the case. Dr. Costello could then testify as a rebuttal witness to the medical treatment he provided plaintiff. Dr. Costello could testify to his knowledge of that treatment and plaintiff's condition as plaintiff's personal physician. Dr. Costello could testify as a fact witness to his treatment and observations of plaintiff, not an expert, since he would offer facts to rebut defendant's contentions about plaintiff's physical condition.

### c. motion to preclude evidence related to discrimination suffered by Linda Rowan

Defendant seeks to exclude testimony about the disability discrimination claim brought against Old Forge Bank by Linda Rowan. The parties settled this claim without any admission of liability. Defendant argues that this information is irrelevant, and even if relevant is overly prejudicial. The court agrees that evidence about disability discrimination is not relevant to this case, which concerns age discrimination. Moreover, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). The only reason to offer testimony on Rowan's experience would be to convince the jury that because defendant had discriminated against one employee that it would discriminate against the plaintiff too. As such, evidence about Rowan's disability discrimination claim is inadmissible and the court will grant defendant's motion to preclude testimony about her discrimination case. At the same time, to the extent that Rowan has evidence about issues relevant to the

9

case–such as whether the legitimate non-discriminatory reasons offered for plaintiff's termination were genuine or whether defendants made discriminatory statements related to age–the testimony would be relevant and admissible.

**Conclusion**

For the reasons stated above, the court will grant defendant's motions in limine in part and deny them in part. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH CHODNICKI,** | : | No. 3:07cv1112 |
| **Plaintiff,** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **OLD FORGE BANK,** | : | |
| **Defendant** | : | |

## ORDER

**AND NOW**, to wit, this 12th day of March 2009, the defendant's motions in limine are hereby **GRANTED** in part and **DENIED** in part, as follows:

1) The motion in limine to exclude the report and testimony of Reese A. Thomas (Doc. 47) is hereby **DENIED**;

2) The motion in limine to exclude the expert report and testimony of Dr. Joseph Costello (Doc. 49) is hereby **GRANTED**:

3) The motion in limine to exclude evidence relating to and testimony of Linda Rowan (Doc. 51) regarding her discrimination claim against defendant is hereby **GRANTED**.

**BY THE COURT:**

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**